# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| State of Minnesota, by and through its Minnesota Pollution Control Agency, <br><br> Plaintiff, <br><br> v. <br><br> 3M Company and 3M Chemical Operations, LLC, <br><br> Defendants. | <br><br><br> CASE NO. 0:26-cv-02440-LMP-DLM |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED EXPEDITED MOTION FOR EXTENSION OF THE RESPONSIVE PLEADING DEADLINE

Defendants 3M Company and 3M Chemical Operations, LLC (collectively, "3M" or "Defendants"), pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, hereby request, by and through counsel, for the Court to grant an extension of time to answer or otherwise plead to the Complaint of Plaintiff State of Minnesota, by and through its Minnesota Pollution Control Agency ("MPCA").  In support of this Motion, Defendants state as follows:

1.      MPCA commenced this action on April 3, 2026, using the Minnesota practice colloquially referred to as hip-pocket service.

2.      Because 3M waived service of the Complaint, 3M's answer or other responsive pleading was originally due on or before June 2, 2026, 60 days after Defendants waived service.  [ECF No. 1-2, Exhibit B at 43].

1

3.      3M Company removed the case to Federal Court in the District of Minnesota on May 1, 2026.  [ECF No. 1]. 3M Chemical Operations, LLC consented to removal on May 1, 2026 as well.[1]  [ECF No. 9].

4.      On the same day, 3M Company filed a Notice of Potential Tag-Along Action with the JPML, identifying this case for potential inclusion in the AFFF MDL pursuant to Panel Rule 7.1. [See Exhibit A]. The Panel is likely to consider 3M's transfer request at its July 2026 hearing session, and to issue a final decision on transfer within one to two weeks of that session.

5.      Pursuant to Fed. R. Civ. P. 81(c)(2), Defendants currently have until May 8, 2026 to file their answer or otherwise plead to MPCA's complaint.

6.      On May 4, 2026, 3M also filed a Motion to Stay Pending Ruling of Transfer to the *In re AFFF* MDL.  [ECF No. 14].  If granted, this motion would stay all proceedings pending the JPML's ruling on 3M Company's motion to transfer this action to the AFFF MDL.

7.      In light of these circumstances—namely, the parties' present uncertainty as to whether this litigation will proceed in this Court or in the *In re AFFF* MDL —Defendants respectfully request for the Court to extend Defendants' responsive pleading deadline until after the Court rules on the Motion to Stay Pending Ruling of Transfer to the *In re AFFF* MDL or transfer of the matter to the AFFF MDL, whichever event comes first.

---

[1] Though, as explained in the Notice of Removal, 3M Chemical Operations LLC's consent is unnecessary for removal on the grounds presented.

8.      This motion has not been made for the purposes of delay or harassment, but is made for good cause—specifically, for purposes of efficiency and the preservation of party resources.

WHEREFORE, 3M respectfully request for the Court to consider this motion on an expedited basis due to the imminent response deadline of May 8, 2026. Further, 3M respectfully request for the Court to extend their responsive pleading deadline until twenty-one (21) days after the Court rules on the Motion to Stay Pending Ruling of Transfer to the *In re AFFF* MDL, if denied, or transfer of the matter to the AFFF MDL, whichever event comes first.

Dated: May 4, 2026                                    Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Christopher H. Dolan*
Christopher H. Dolan (#0386484)
Frances M. Daniels (#0403829)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: 612.766.7000
chris.dolan@faegredrinker.com
fran.daniels@faegredrinker.com

***Attorneys for Defendants 3M Company and 3M Chemical Operations LLC***

3